**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Herbert KNIGHT, Defendant–Appellant**

**No. 00–5278.**

United States Court of Appeals,
Sixth Circuit.

Feb. 22, 2002.

Before JONES and MOORE, Circuit Judges;  HAYNES,* District Judge.

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

## OPINION

HAYNES, District Judge.

In this appeal, Defendant–Appellant Herbert Knight contends that the district court abused its discretion in denying his motion to withdraw his guilty plea. Because the district court considered all of the relevant evidence and factors on a motion to withdraw a plea, we AFFIRM the district court's decision as within its discretion.

## I.  BACKGROUND

On February 25, 1999, a criminal complaint was filed against Knight and two co-defendants for intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). On March 1, 1999, an indictment was returned charging two counts of possessing cocaine with the intention to distribute. Knight's co-defendants entered guilty pleas on July 9, 1999, but Knight proceeded to trial.

On September 1, 1999, the second day of trial, Knight decided to submit his guilty plea to both counts of the indictment pursuant to a written plea agreement, under Fed.R.Crim.P. 11(e)(1)(B). The district court questioned Knight to determine if his plea were knowingly and voluntarily entered. Knight, who has a twelfth grade education, testified that he understood that he was waiving his rights to a jury trial, including his right to maximum and minimum statutory sentences. Knight was pleading guilty as in his "best interest" because Knight wanted to avoid a lengthy sentence. Knight also stated that he would "accept the responsibility for what they accuse me as—as my role ..." in distributing cocaine. In a word, Knight admitted to his agreement to distribute and intentionally possess cocaine, and also that he aided and abetted cocaine distribution in Kentucky. On the basis of this colloquy, the district court found that Knight's guilty plea was knowingly and voluntarily entered and that Knight understood his rights as well as the maximum and minimum sentences.

Twenty-six days later, Knight filed a motion to withdraw his guilty plea. In his motion, Knight stated that he asked his attorney to withdraw his plea on the same day that Knight entered his plea. According to Knight, his attorney told him to calm down and think about it, and that he would visit him in a week to discuss a change of plea. When his attorney visited him one week later, Knight asserts that he again told his counsel that he wanted to file a motion to withdraw the plea. Knight's attorney again requested that Knight think about the motion to withdraw for another week. At a third meeting, Knight again insists he instructed his attorney to file the motion to withdraw his guilty plea. Knight's attorney then drafted and filed the motion to withdraw, twenty-six days after Knight's plea was originally submitted and accepted.

The district court held a hearing on the motion to withdraw and at the hearing, Knight testified that he entered the plea agreement because he was afraid of getting a sentence of twenty years or more and sought to avoid a larger sentence. Knight initially told the district court that he was innocent. Later, in response to the court's questions, Knight admitted his guilt. Knight also responded on cross-examination that he was guilty of the charged offenses. Knight has pled guilty between six and eight times in prior cases and understood the guilty plea proceeding. Knight did not ask the district court for additional time to consider his plea decision because his counsel told him that this plea was "the last chance he had." Finally, Knight asserts that he and his attorney had only "done a quick glance over [the

plea agreement]," but Knight admitted that he was present when the court, the government's counsel, and his attorney discussed the contents of his plea agreement.

## II. ANALYSIS

■ Under Rule 32(e) of the Federal Rules of Criminal Procedure, a district court may permit a guilty plea to be withdrawn if the defendant shows "any fair and just reason." Fed.R.Crim.P. 32(e) (emphasis added). The decision to permit the withdrawal of a guilty plea is a matter committed to the district court's discretion. *United States v. Caldwell*, 2000 U.S.App. LEXIS 567, * 4 (6th Cir.2000) (the district court possesses wide discretion in determining whether to set aside a guilty plea). In evaluating such a motion, the district court must consider the purposes of the rule which is to "allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and the obtain a withdrawal if he believes that he made a bad choice in pleading guilty.' " *Id.*

In *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir.1994), this Court set forth the seven factors on whether to grant a motion to withdraw a guilty plea:

1) the amount of time that elapsed between the plea and the motion to withdraw it;

2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceeding;

3) whether the defendant has asserted or maintained his innocence;

4) the circumstances underlying the entry of the guilty plea;

5) the defendant's nature and background;

6) the degree to which the defendant has had prior experience with the criminal justice system; and

7) potential prejudice to the government if the motion to withdraw is granted. *Id.*

We review a district court's determination of whether to grant a defendant's motion to withdraw a guilty plea only for an abuse of discretion. *See Caldwell*, 2000 U.S.App. LEXIS 567, at * 3. This standard is met when, for example, a district court "relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Id.* (quoting *United States v. Spikes*, 158 F.3d 913, 927 (6th Cir.1998)) (internal citations omitted). Even with a showing of an abuse of discretion, the defendant must also show actual prejudice to withdraw his plea. *Id.*

■ On Knight's motion to withdraw, the district court evaluated the factors and concluded that "the balance favors the Government's side of the case." First, as to the twenty-six days that elapsed between the plea and the motion to withdraw it, the district court accepted defense counsel's statement that this time period was necessary due to communication problems between counsel and Knight. The district court found that this factor was neutral, so that it neither favored the government nor Knight. Although Knight contends this factor weighs heavily in his favor because he allegedly asked his attorney to withdraw the plea on the day he entered it, the district court's finding is not clearly erroneous.

Second, the district court found that although Knight testified at one point that "he felt innocent," Knight later admitted that he committed the offenses in question. Knight also explained that by "innocent" he meant that he did not believe the government had sufficient proof to convict

him, not that he was actually innocent. The district court's finding in this issue is not erroneous.

Third, the district court found that the circumstances underlying the plea were that "the Defendant was at the time by his own admission seeking to avoid a long sentence." This finding of fact is not clearly erroneous, as the Defendant concedes.

Fourth, in terms of Knight's nature and background, the district court found that Knight understood his rights and made a knowingly voluntary decision to plea guilty and did so without coercion. In evaluating this factor, the district court noted that "the record reflects that unusually long time was taken in delaying the trial to give this Defendant sufficient time to understand his rights and to consider whether he should or should not reach a voluntary plea." This finding is not erroneous.

Fifth, the district court appropriately found that Knight had extensive prior experience with guilty pleas given his involvement in six or eight prior criminal cases in which he pled guilty, including drug offenses. Although Knight had never previously been in prison, Knight clearly had significant experience with the criminal justice system and the guilty plea process.

Sixth, the district court found that the "Government's case would be prejudiced substantially if the Defendant's allowed to withdraw his pleas," citing the government's opening statements, examination and cross-examination of numerous government witnesses.

### III. CONCLUSION

After examining all of the *Bashara* factors, the district court determined that the balance of the factors weighed in favor of the government. The district court denied Knight's motion to withdraw his guilty plea and set the case for sentencing. The district court's decision was a proper exercise of its discretion. Accordingly, we **AFFIRM** the district court's decision.